IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDOLPH AND LOIS JOHNSON, | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-05512 |
| SUNOCO, INC. (R&M), ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                         **FEBRUARY 15, 2018**

      Presently before the Court is Defendant United States Steel Corporation's ("U.S. Steel") Motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' claims for battery and punitive damages and Defendant's Motion pursuant to Rule 12(e) for a more definite statement. (ECF No. 11.) For the reasons that follow, Defendant's Motions will be denied.

**I. BACKGROUND**[1]

      In this products liability lawsuit, Plaintiffs Rudolph Johnson ("Johnson") and Lois Johnson seek to hold Defendants liable for the economic and other damages Plaintiffs suffered as a result of Johnson's exposure to Defendants' benzene-containing products.[2] (Compl., Notice of Removal Ex. A, ECF No. 1.) Plaintiffs allege that as a result of his exposure to benzene and

---

[1] The factual background presented herein is taken from the allegations of Plaintiffs' Complaint. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) ("In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991))).

[2] Johnson died on May 9, 2017, and Lois Johnson was named Administratrix of Johnson's Estate on January 26, 2018 by the Surrogate's Court of Queens County, New York. (Notice of Death, ECF No. 80.)

Defendants' wrongful conduct, Johnson contracted myelodysplastic syndrome ("MDS"), which progressed to acute myeloid leukemia ("AML").[3] (*Id.* ¶ 7.)

Plaintiffs initiated this action on September 23, 2016, with the filing of a Complaint in the Philadelphia County Court of Common Pleas against sixteen Defendants. On October 20, 2016, Defendants General Dynamics Corporation and American Overseas Marine Company, LLC removed the action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. (Notice of Removal.)

Plaintiffs' Complaint alleges that Johnson worked directly and indirectly with, and was directly and indirectly exposed to, Defendants' benzene-containing solvent products on a daily or almost daily basis during his employment as a laborer, mechanic, and construction worker in and around New York City from approximately 1966 through 1992, and as a mechanic and seaman on numerous vessels from 1992 through 1995. (Compl. ¶ 4-5.) Johnson was exposed to these products, and to the vapors, aerosols, mists and fogs from the products, by means of inhalation, ingestion, and dermal contact. (*Id.* ¶ 6.) Among the benzene-containing products was Liquid Wrench, which was allegedly placed into the stream of commerce by Defendant Radiator Specialty Company ("RSC"). (*Id.* ¶¶ 5, 10.) Plaintiffs allege that U.S. Steel "manufactured, . . . sold, distributed, . . . supplied and/or otherwise placed into the stream of commerce" benzene-containing solvents, including raffinate, which were used as components chemicals in RSC products, including Liquid Wrench. (*Id.* ¶ 11.) Plaintiffs assert claims against U.S. Steel of negligence (Count III), strict liability (Count IV [misnumbered as II]), battery (Count V

---

[3] Johnson was diagnosed with MDS in September 2013, and with AML in January 2014. (Compl. ¶ 7.)

[misnumbered as III]), and loss of consortium (Count VI [misnumbered as IV]).[4] With respect to the claims of battery and loss of consortium, Plaintiffs seek both compensatory and punitive damages.

In support of their claims, Plaintiffs allege, *inter alia*, that U.S. Steel and the other Defendants were aware that the products to which Johnson was exposed contained benzene, and were also aware that the products had carcinogenic properties. (*Id.* ¶¶ 39-43, 61-65.) Plaintiffs aver that the benzene-containing products were inherently defective when they left Defendants' possession, custody, and control, and that Defendants were aware of these defects. (*Id.* ¶¶ 39, 41, 43, 55, 62-66, 68.) In addition, Defendants failed to provide warnings with their products of the benzene content and the associated health hazards, including the risk of fatal disease, and failed to advise Johnson and others of the personal protective equipment, practices, and protective measures necessary to prevent exposure and the risk of fatal disease. (*Id.* ¶¶ 47(b-l), 55(c-h), 76(c-n).) Defendants also were purportedly on notice that Mr. Johnson and his coworkers were unaware of the required procedures and precautions to be utilized while interacting with the benzene-containing solvent products to avoid exposure and the negative health consequences thereof. (*Id.* ¶¶ 45-46, 47(j-l), 69-75.)

Plaintiffs further allege that Defendants were "capable of manufacturing, storing, producing and processing [their] products in a manner that eliminated or significantly reduced their benzene content," and that they "sacrificed the health and safety of workers and other end users of their benzene-containing solvent products in order to further [their] economic advantage, convenience and profit." (*Id.* ¶¶ 67, 76(o).) With respect to the battery claim, Plaintiffs allege, *inter alia*, that Defendants intended to cause harmful contact to Johnson by causing benzene

---

[4] Counts IV through VI of the Complaint are misnumbered.

exposure, and that they did so with the knowledge, belief, and intent that the exposure would cause Johnson to contract leukemia. (*Id.* ¶ 79.) Plaintiffs allege that Defendants' acts and omissions related to their benzene-containing products were willful, wanton, and demonstrated a conscious indifference to the known consequences of those acts and omissions. (*Id.* ¶¶ 60-61, 76-79.)

On October 28, 2016, U.S. Steel filed the instant Motion pursuant to Rule 12(b)(6) to dismiss the claims for battery and for punitive damages, along with a Motion for more definite statement pursuant to Rule 12(e). Plaintiffs filed a Response and memorandum of law in opposition to Defendants' Motions on November 13, 2016.[5] (Pl.'s Opp., ECF No. 19.)

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to

---

[5] With their Response to U.S. Steel's Motion, Plaintiffs have attached as exhibits various materials that are outside the pleadings. These exhibits generally consist of U.S. Steel and industry documents and articles, and deposition testimony from separate benzene-related litigation. (Pls.' Opp. Ex. B-K.) "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004), *abrogated on other grounds by Twombly v. Bell Atl. Corp.*, 550 U.S. 544 (2007). "A document forms the basis of a claim if . . . [it] is 'integral to or explicitly relied upon in the complaint.'" *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Furthermore, while prior deposition testimony constitutes a public record of which the court may take judicial notice, "it may do so on a motion to dismiss only to establish the existence of the [public record], not for the truth of the facts asserted [therein]." *Id.* When extra-record materials are submitted in connection with a 12(b)(6) motion, the court can exclude them and decide the motion based solely on the complaint, or, alternatively, the court can notify the parties that it is treating the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Here, the extra-record materials submitted by Plaintiff do not fall within the categories enumerated in *Lum*, and neither party has asked the Court to treat U.S. Steel's Motion as one for summary judgment. Accordingly, we decline to consider at this juncture the documents attached as exhibits B through K to Plaintiffs' Response.

relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6), therefore, tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570.

A claim is plausible "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the Plaintiffs have a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for

5

relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan*, 577 F.3d at 530 (quoting *Iqbal*, 556 U.S. at 679). In deciding a motion to dismiss under Rule 12(b)(6), all material allegations pleaded and all reasonable inferences that can be drawn from them must be accepted as true and construed in a light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

### B. Motion for More Definite Statement Pursuant to Rule 12(e)

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," *Twombly*, 550 U.S. at 593 n.13, that, in conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." *Sony BMG Music Entm't v. Cloud*, No. 08-1200, 2008 WL 3895895, at *2 (E.D. Pa. Aug. 28, 2008). Generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a)." *Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 06-1812, 2009 WL 1033601, at *2 (E.D. Pa. Apr. 15, 2009) (citation omitted); *see also Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997) (noting that Rule 12(e) motions are "generally disfavored"). A Rule 12(e) motion is only "appropriate when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (1990)). "The

6

basis for granting such a motion is unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989).

Rule 12(e) motions are not a substitute for the discovery process. *See, e.g.*, *Steinberg v. Guardian Life Ins. Co.*, 486 F. Supp. 122, 123 (E.D. Pa. 1980) (finding Rule 12(e) inapplicable where "[a]dditional information may be obtained from the discovery procedures"); *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (stating that Rule 12(e) motions are not appropriate where the more definite statement sought "presents a proper subject for discovery"). "[T]here should be a bias against the use of the Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense." *Mut. Indus., Inc. v. Am. Int'l Indus.*, No. 11-5007, 2011 WL 4836195, at *2 (E.D. Pa. Oct. 11, 2011) (quoting *Argonaut Ins. Co. v. HGO, Inc.*, No. 96-1115, 1996 WL 433564, at *2 (E.D. Pa. July 25, 1996).

### III.   DISCUSSION

#### A.   Motion to Dismiss Claims of Battery and for Punitive Damages

U.S. Steel argues that the Count alleging battery must be dismissed because it lacks any allegation that U.S. Steel sold a benzene-containing product directly to Johnson or his employers. (Def.'s Mem. 5, ECF No. 11.) According to U.S. Steel, the allegation that it supplied a benzene-containing component ingredient of Liquid Wrench is insufficient to sustain a claim of battery. (*Id.*) U.S. Steel further moves to strike Plaintiffs' demand for punitive damages in the Count alleging loss of consortium, contending that this claim "does not . . . purport to be based on intentional or outrageous conduct[]." (*Id.* at 6.) We disagree. Plaintiffs' allegations are sufficient to withstand dismissal at the pleading stage.

7

Under Pennsylvania law, the elements of the tort of battery are "'a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent.'" *Levenson v. Souser*, 557 A.2d 1081, 1088 (Pa. Super. Ct. 1989) (quoting Prosser and Keeton, *Law of Torts*, at 39 (5th ed. 1984)); *see also Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1178 (Pa. Super. Ct. 1989) (citing Restatement (Second) of Torts §§ 13, 18); *Tinneny v. Weilbacher*, No. 15-753, 2017 WL 220331, at *8 (E.D. Pa. Jan. 19, 2017) (citing *Bell v. Twp. of Concord*, 759 F. Supp. 2d 621, 630 (E.D. Pa. 2011)); *Gallagher v. Green*, No. 12-3840, 2014 WL 4954833, at *9 (E.D. Pa. Oct. 2, 2014); *Brownstein v. Gieda*, 649 F. Supp. 2d 368, 375 (M.D. Pa. 2009); *Schall v. Vazquez*, 322 F. Supp. 2d 594, 601 (E.D. Pa. 2004); *Lakits v. Joseph York*, 258 F. Supp. 2d 401, 407 (E.D. Pa. 2003).

As explained in the comments to Restatement (Second) of Torts § 18:

> It is not necessary that the contact with the other's person be directly caused by some act of the actor. All that is necessary is that the actor intend to cause the other, directly or indirectly, to come in contact with a foreign substance in a manner which the other would reasonably regard as offensive.

Restatement (Second) of Torts § 18 cmt. c. Courts within this district have recognized that the tort of intentional exposure to hazardous substances is predicated on a theory of battery. *Barnes v. Am. Tobacco Co. Inc.*, 984 F. Supp. 842, 869 (E.D. Pa. 1997), *aff'd*, 161 F.3d 127 (3d Cir. 1998) (citing *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1178 (Pa. Super. Ct. 1989)).

The court in *Field* noted that "intent in the context of tort litigation is defined to include the desire to bring about the likely consequences of an intentional act. Thus, intent extends both to the desired consequences and to the consequences substantially certain to follow from the act." *Field*, 565 A.2d at 1178. In *Field*, the appellants asserted claims for the "tort of intentional exposure to radiation," alleging that the appellees "deliberately exposed Field to radiation by

8

operating the reactor knowing that Field would be exposed to dangerous levels of radiation and by deliberately venting radioactive steam on Field knowing his location." *Id.* The court held that these averments stated a cognizable claim for battery. *Id.*; *see also Barber v. Pittsburgh Corning Corp.*, 529 A.2d 491, 498-502 (Pa. Super. Ct. 1987) (ruling that an intentional tort was established where the plaintiffs alleged that the defendants deliberately exposed the plaintiffs to unsafe levels of asbestos, knowing that such high-level exposure could cause the plaintiffs serious bodily injury and death), *rev'd on other grounds*, 555 A.2d 766 (Pa. 1989); *Adams v. Dole Food Co.*, 323 P.3d 122, 136 (Haw. Ct. App. 2014) (upholding battery claim based on allegations "that the . . . Defendants, in a non-employer capacity, intentionally exposed [Plaintiffs] to [harmful chemicals] knowing of the hazards posed by the chemical and knowing of the hazards posed by the method of application utilized").

Here, Plaintiffs have sufficiently stated a claim of battery under Pennsylvania law. Specifically, Plaintiffs allege that U.S. Steel supplied benzene-containing solvents, including raffinate, that were incorporated in benzene-containing products, including Liquid Wrench. U.S. Steel placed these solvents into the stream of commerce knowing and intending that Johnson and other similarly situated persons would come into contact with them and use them. Plaintiffs further allege that U.S. Steel knew that benzene exposure could lead to blood and bone marrow disorders, including MDS and AML; and, notwithstanding this knowledge, U.S. Steel willfully, wantonly, and intentionally exposed Johnson to the benzene in their products. Moreover, the Complaint details Defendants' failure to implement a litany of warnings and precautions that allegedly could have avoided or minimized Johnson's exposure to benzene and the resulting harm he suffered.

9

Plaintiffs have sufficiently alleged a claim of battery and a potential entitlement to punitive damages on their loss of consortium claim, which incorporates by reference all of the preceding averments of the Complaint. U.S. Steel's Motion to Dismiss claims for battery and for punitive damages will be denied.

    **B.**    **Motion for More Definite Statement**

U.S. Steel contends that Plaintiffs should be compelled to amend Paragraphs 4-7 of the Complaint to specify, *inter alia*, the identity of Johnson's employers, the products used while he was working for each employer, the dates each product was used, and the locations of use. (Def.'s Mot. ¶ 17.)

As noted above, Rule 12(e) motions are disfavored, are not a substitute for discovery, and should not be granted unless a complaint is so vague and ambiguous as to be unintelligible. *See, e.g., Transp. Int'l Pool*, 2009 WL 1033601, at *2; *Steinberg*, 486 F. Supp. at 123; *Sun Co.*, 939 F. Supp. at 368. In this case, the Complaint satisfies the liberal pleading standard of Rule 8 and is not so vague and ambiguous as to preclude U.S. Steel from responding to Plaintiffs' allegations. In fact, we note that several of the other Defendants in this case have filed Answers, and in some instances, crossclaims. (*See* ECF Nos. 16, 29, 34, 39, 40, 41.) Moreover, as U.S. Steel has acknowledged, the detail requested in its Motion "is information that eventually can be obtained in the course of discovery." (Def.'s Mot. ¶ 17.)

Accordingly, U.S. Steel's Motion pursuant to Rule 12(e) will be denied.

## IV. CONCLUSION

For the foregoing reasons, U.S. Steel's Motion pursuant to Fed. R. Civ. P. 12(b)(6) and Motion pursuant to Rule 12(e) for a more definite statement will be denied.

An appropriate order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**